**CURRIER, d. b. a. MARIE'S TAVERN, Appellants-Appellees, v. BOARD OF LIQUOR CONTROL, Appellees-Appellants.**

Ohio Appeals, Tenth District, Franklin County.

No. 5543.   Decided March 18, 1957.

Charles T. Kaps, Columbus, for appellants-appellees.

William Saxbe, Atty. Genl., S. Noel Melvin, Asst. Atty. Genl., Columbus, for appellees-appellants.

(HORNBECK, PJ, of the Second District; DEEDS and FESS, JJ of the Sixth District, sitting by designation in the Tenth District.)

**OPINION**

By HORNBECK, PJ.

This is an appeal from a judgment of the Court of Common Pleas reversing an order of the Board of Liquor Control which dismissed appellees' appeal from an order of the Department denying their application for a Class D-1 permit. The judgment of the Common Pleas Court was predicated upon the finding that appellant had no hearing before the Board of Liquor Control on their appeal from the action of the Department denying their application for permit.

The appellees in this court rely upon the claim that the Board denied them any right to be heard on their appeal from the order of the

Department. They concede that the findings of fact, Department's Exhibit A, sufficiently set out subject matter which made a prima facie case upon which the Board could hold that there was no error in the action of the Department in denying the application for permit. These findings of fact determined upon the evidence that within 275 and 260 feet respectively from the proposed location of the permit premises of applicants were located the Lawn Public School and the Madison Playground. The number of students in attendance at the school and the number of children who attend the playground are set out. Further, that at the hearing on the application for the permit, authorities in control of the public school and the playground appeared and offered evidence against the granting of the permit.

In the hearing before the Board, after Exhibit A had been introduced certain inquiries were made by members of the Board and answers thereto by Mr. Currier, one of the permittees, respecting his knowledge that any objction had been interposed by representatives of the school and the playground to the granting of the permit. At the conclusion of the subject matter of these inquiries a member of the Board put this question to Mr. Currier:

"Did you have anything you wanted to tell the Board about this?

"MR. CURRIER: Outside of that, we do need the business. It is rough working six days a week just on beer and wine."

Thereupon, another member of the Board made this observation:

"You understand what the Court of Appeals said: If any church or playground objects to the issuance and it is within 500 feet of the church; if the Director refuses to issue the permit, nothing can be done about it. The court says we can't do anything about it. It is within the discretion of the Department; if the Department wishes to exercise discretion in that manner, it is final. Our hands are tied. That is the position we find ourselves in. There is nothing to consider outside of the order."

We cannot agree that the applicant for the permit was denied any right to offer testimony before the Board and certainly no proffer was made and, apparently, Mr. Currier said all that he cared to say. The observation of the member of the Board occurred after all the testimony was in. Whether or not the member of the Board correctly interpreted our ruling in **Codic, Jr., v. Board of Liquor Control, 98 Oh Ap 388** is not controlling.

There was sufficient proof before the Board to support its action in dismissing applicant's appeal from the action of the Department and nothing offered to contradict the effect of this testimony which supported the Department in exercising its discretion in refusing the permit on the facts appearing. The mere fact that one member of the Board made an observation as to his interpretation of the law is not decisive that the members or the Board failed eventually to exercise their proper function in ruling on the appeal from the Department.

Our holding in the Codic case is well set out in the second headnote thereof:

"There is substantial probative evidence to support the action of the Board of Liquor Control in refusing to issue a liquor permit, where the

permit premises are to be operated within a distance of 500 feet from a church."

In the very last paragraph of the opinion we say:

"The department originally, and the board on appeal, had sufficient probative evidence requiring them to exercise discretion whether or not under the provision of §6064-16 GC, the permit should be granted to the applicant."

We did not say, nor have we in any opinion said, that no evidence could be offered purposed to show that a permit should be granted even though the permit premises were within 500 feet of any building or institution named in §4303.26 R. C. Both the Board and the Department exercise a discretion under the statute, but if there is nothing more offered than the proximity to the permit premises of an institution named in the statute, and that the institution is within 500 feet of said premises, and if there is objection made before the Department by an authorized representative of any of the named institutions, there is sufficient proof upon which the Department or the Board may exercise its discretion to refuse the permit.

The judgment of the Common Pleas Court reversing the order of the Board of Liquor Control is reversed. The order of the Board was supported by reliable, probative and substantial evidence.

Judgment reversed.

DEEDS and FESS, JJ, concur.